UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80224-CIV-MARRA

GREGORY L. EARLS,

Plaintiff,

vs.

KEYSTONE AUTOMOTIVE INDUSTRIES,
ALAN VAN ASTRAND and BLAKE REYNOLDS,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss, or in the Alternative,

for More Definite Statement (DE 5).  The motion is fully briefed and ripe for review.  The Court

has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Defendant Keystone Automotive Industries ("Defendant" "Keystone") filed a Notice of

Removal of Plaintiff Gregory L. Earls's ("Plaintiff") Complaint on February 10, 2010. (DE 1.)

Plaintiff, who is proceeding *pro se*, alleges race discrimination against Defendants Keystone,

Alan Van Astrand ("Van Astrand") and Blake Reynolds ("Reynolds") (collectively,

"Defendants") .  According to the allegations of the Complaint, Plaintiff, a black man, began

working for Keystone in September of 2006 until he was terminated on April 19, 2007. (Compl.

¶ 1; Compl. at 1.)[1]   A few days before his termination, on April 16, 2007, Plaintiff called the

secretary and advised her that he had a flat tire and would be late to work.  When Plaintiff arrived

_____

[1] Portions of the Complaint are numbered with paragraphs.  Other portions do not contain
paragraph numbers.  These will be referred to by the page numbers in the Complaint.

at work, Mr. Van Astrand instructed him to log out and leave the building and that he would call Plaintiff the next day.  (Compl. ¶ 2.)  When Plaintiff did not receive the telephone call the next day, Plaintiff sent a facsimile to the general manager, Mr. Reynolds, and asked when he should return to work. (Compl. ¶ 3.)  On April 19, 2007, Mr. Reynolds[2] called Plaintiff and told him not to return to work. (Compl. ¶ 4.)

Previously, a white employee had been continually disruptive with clients and had been sent home.  Yet, that employee was allowed to return to work. (Compl. ¶ 5.)  Plaintiff was also "micro-managed" more than white employees and, unlike white employees, was required to inform Mr. Van Astrand when he needed to go to the restroom. (Compl. ¶ 6.)  Lastly, Plaintiff alleges discrimination in compensation based on race and a hostile work environment. (Compl. ¶¶ 8-9.)

Plaintiff brings claims pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).  In addition, Plaintiff states he filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on or about November 24, 2008. (Compl. at 2.)

Defendant moves to dismiss the Title VII claim on the basis that this claim was not timely filed with the EEOC.  In the alternative, Defendant moves for a more definite statement.[3]

---

[2] There appears to be a scrivener's error in the Complaint.  The Complaint refers to "Blake Reynolds" as "Mr. Blake." (Compl. ¶¶ 3-4.)

[3] It is unclear to the Court whether counsel for Keystone is also representing the two individual defendants.  As a result, the Court will not address the arguments raised as to these defendants.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III.  Discussion

### A.  Title VII claim

The timely filing of an EEOC complaint is a precondition to a Title VII action. Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1011 (11th Cir. 1982); see Love v. Pullman Co., 404

3

U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 . . . may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief.").  In a "deferral state" such as Florida, an administrative charge is considered to be timely filed when it is brought within 300 days of the alleged unlawful employment practice.  Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262-63 (11th Cir. 2001).

Plaintiff alleges that he was terminated by Defendant on April 19, 2007 and that he filed his administrative charge with the EEOC on or about November 24, 2008. (Compl. ¶ 1; Compl. at 2.)  Based on these allegations, Plaintiff's Title VII claim is barred as a matter of law because more than 300 days elapsed between his termination date and the date he filed the EEOC charge.

B.  Section 1981 claim

Defendant does not move for dismissal of the section 1981 claim.[4] However, it does seek a  more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and claims that the Complaint is vague and fails to put them on notice of the basis of Plaintiff's claims.  The Court disagrees and will allow the Complaint to proceed with respect to the section 1981 claim.

---

[4] Unlike Title VII, section 1981 does not require that a plaintiff exhaust his or her administrative remedies prior to filing a lawsuit.  Price v. M & H Valve Co., 177 Fed. Appx. 1, 9 (11th Cir. 2006) citing Caldwell v. Nat'l Brewing Co., 443 F.2d 1044, 1046 (5th Cir.1971); Anderson v. Dunbar Armored, Inc., — F. Supp. 2d —, 2009 WL 2568062, at * 15 (N.D. Ga. Aug. 18, 2009).  (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)).

Under 42 U.S.C. § 1981, "all persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens. . . ." Section 1981 has the same requirement of proof and uses the same analytical framework as Title VII. Standard v. A.B.E.L. Svcs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). Specifically, the elements for a section 1981 employment claim are (1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant and (3) that the discrimination concerned the right to make and enforce the employment contract. Kinnon v. Arcoub, Gopman & Associates, Inc., 490 F.3d 886, 891 (11th Cir. 2007); Baker v. McDonald's Corp., 686 F. Supp. 1474, 1481 (S.D. Fla. 1987) citing Johnson v. Railway Express Co., 421 U.S. 454 (1975).

In examining the Complaint, the Court begins by noting that it must construe Plaintiff's *pro se* Complaint liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) ("*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Plaintiff has alleged that he is a member of a racial minority (Compl. at 1). Furthermore, Plaintiff states that he was terminated from his employment contract by Defendants due to his race while white employees were treated more favorably despite engaging in more egregious conduct. (Compl. ¶¶ 2-5.) In addition, Defendants discriminated against Plaintiff based on race during the employment relationship by virtue of various acts of disparate treatment, which included harassment and discrimination in compensation. (Compl. ¶¶ 6-9.) Based on these allegations, the Court finds that Plaintiff's Complaint complies with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and there is no basis to grant Defendant's motion for a more definite statement.

5

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to

Dismiss, or in the Alternative, for More Definite Statement (DE 5) is **GRANTED IN PART**

**AND DENIED IN PART**.  The Title VII claim is dismissed.  The claim brought pursuant to 42

U.S.C. § 1981 may proceed.  The motion for a more definite statement is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 31st day of March 2010.

KENNETH A.  MARRA
United States District Judge

6